**LaPENTA, Estate of, In re: Deceased.
ZYCHICK, Contempt, In re, Respondent-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24125.   Decided July 26, 1957.

Owen C. Neff, Robert C. Grisanti, for Probate Court.
Leo E. Rattay, for respondent-appellant.

(HUNSICKER, PJ, DOYLE, J, of the Ninth District, GRIFFITH, J, of the Seventh District, sitting by designation in the Eighth District.)

**OPINION**

By GRIFFITH, J:

The object of this proceeding is to reverse an order of the Probate Court of Cuyahoga County finding appellant guilty of contempt.

On July 24, 1956, the Honorable Frank J. Merrick, one of the judges of the Probate Court, acting upon his own initiative, filed in said Court the following charges in writing:

"Frank J. Merrick, Judge of this Court, prefers charges against Aaron H. Zychick and says that he is guilty of contempt, in this, to wit, That as an officer of this Court, practicing as an attorney-at-law, on the 12th day of November, 1955, on behalf of the executrix of the within

estate, he prepared and presented to this Court an application to settle claims for personal injuries and wrongful death of the decedent herein and simultaneously presented a journal entry form previously prepared by him for the signature of a judge of the Probate Court, which, amongst other things, approved the settlement as requested in such application and ordered the distribution of a fund to be received in such settlement. Included in such order was the distribution of $2100.00 to be received as settlement of the wrongful death claim as follows:

| | |
|---|---|
| "To A. H. Zychick as attorney fees | $525.00 |
| "To Mabel La Penta | 525.00 |
| "To Joseph La Penta | 525.00 |
| "To Frances La Penta Yacobucci | 525.00 |

"Such journal entry was approved by the Court on November 12, 1955, including the attorney fee contained therein, which was in accordance with Rule 25 of the Probate Court then in full force and effect. Immediately after receiving the approval of the journal entry above referred to, and after it was spread upon the records of the Court, Aaron H. Zychick caused to be held a meeting of several persons affected by such order and journal entry, such meeting being held on or about the 19th day of November, 1955, in his office in the Leader Building, Cleveland, Ohio. At such meeting, Zychick stated that he would not consider himself bound by the order of Court as to attorney fees in the matter and would not complete payment and settlement for the compensation allowed by the Court. Thereupon he caused to be executed bank checks and receipts which purported to carry into effect the order of the Court. After the execution of such checks and receipts, the aforementioned Zychick adjourned the meeting to a nearby bank and there caused to be cashed the checks which had been issued to Mabel La Penta and Frances La Penta Yacobucci each in the amount of $525.00, and thereupon demanded and received back in cash the following amounts: from Mabel La Penta, $300.00 in currency, and from Frances La Penta Yacobucci, $150.00 in currency, such sums being in addition to the attorney fee of $525.00 previously allowed and paid by the order of the Court. After receiving a total fee in the amount of $975.00 or 46 percent of the gross settlement for wrongful death, the said Zychick prepared and executed by the executrix of the within estate a report of distribution of the amount received in such settlement and in the execution thereof the said Zychick acted as attorney and notary public, preparing such report, securing the signature and oath of the executrix of such report of distribution and filing same with the Court on November 30, 1955. Such report represented that the order of the Court as to attorney fees had been carried out and attached purported receipts to show apparent compliance with such order of Court. In truth and in fact such report was false in that it represented that $525.00 was received by said Zychick as attorney fees, when in truth and fact the sum of $975.00 had been so received by said Zychick as attorney fees in said wrongful death settlement. It is further charged that said Zychick did all things enumerated deliberately and designedly to mislead the Court and misrepresent the true occurrences under such order of Court pre-

viously entered, and thereby willfully disobeyed such order of the Court which had been previously entered. The undersigned, Judge of this Court, further charges that such conduct on the part of Aaron H. Zychick constituted a contempt of this Court and a disobeying of a lawful order of this Court previously entered and that such conduct constituted misbehavior of an officer of the Court in the performance of his official duties and transactions so as to obstruct the administration of justice and the orderly processes of this Court."

In due time hearing was had before the Honorable Walter T. Kinder, another judge of said Probate Court, and said Court, after hearing four witnesses in support of the charges and having before it numerous exhibits that had been admitted, found the appellant guilty of contempt and assessed against him a fine of $500.00. It is from that finding and sentence that this appeal on questions of law reaches us.

At the very commencement of the hearing, and before any opening statements were made, the appellant requested, and was granted, the privilege of making a statement in the nature of a professional report as attorney and officer of the Court to the Court. This statement contained a frank admission by the appellant of his infraction of Rule 25 of the Court, a tender back to each of the three beneficiaries, the excesses he had charged, apologized for his errors, and proclaimed his innocence of any intentional misleading of the Court in the matter.

Probate Court Rule 25 regulates counsel fees in connection with wrongful death cases and limits such fees to 25% of the amount obtained in event of settlement. However, additional compensation may be awarded by the Court where extraordinary services are performed.

The appellant filed no answer or pleading of any kind to controvert the charges. Counsel for the prosecution of the charges made an opening statement, whereupon counsel for appellant waived his right to make an opening statement. The Trial Court invited the appellant to make his opening statement, and his counsel stated: "As I understand the law, there is no obligation on the part of the respondent to make any opening statement." Whereupon, the Court replied: "Oh, no, you don't have to do anything." Thereupon, the testimony was taken and, at the conclusion of the prosecution's case, the appellant rested.

It would appear from the record that the Court went as far as it properly could without ordering the appellant to go forward. The Court said: "I think the evidence so far calls on the respondent for some explanation. I'll be glad to hear from you, though." Counsel for respondent replied, "Our position is that we rest our case." The Court again stated: "I was surprised at the failure of your client to take the stand. I am left here with bare, stark facts."

Still persisting in his refusal to offer any testimony or any explanation, interposing no defense to the charges, he did nothing at the trial to aid the Court in reaching a conclusion. The matter was left in just this condition in the lap of the Court to decide. Appellant rested without offering himself as a witness, and without offering the testimony of any other witnesses, in explanation of his conduct which led to the filing of the charges.

Having failed so to do, there was nothing before the Trial Court other than the charges made and the evidence in support of those charges—positive, unrefuted, and condemning testimony of four reputable witnesses. He did nothing to clear himself from the charges—nothing to justify his doing as he did do—nothing to absolve him from the written charges filed against him. Why did he refrain from making full disclosure to the Court that the 25% allowance, as made by the Court under Rule 25, was insufficient? Why did he file the account without telling the Court the true facts? Why did he prepare the receipts for $525.00 each and file them, when the beneficiaries actually received much less? Why all this continued silence on his part up to and until the executrix revealed the true facts to the Probate Court?

True, he informed the three adult beneficiaries of his conduct. This he had to do in order to obtain the additional compensation out of the wrongful death settlement. The appellant is not charged with double dealing as between himself and the beneficiaries. He is charged with misrepresentation to the Court. The respondent failed to disclose to the Court what was going on between himself and the executrix and the other beneficiaries in the wrongful death settlement.

By his silence, when he filed the account, the Court concluded that the beneficiaries had received the amounts stated in the receipts and in the account, and, thereupon, approved the account.

Truth, simplicity and candor are cardinal virtues of a lawyer. Mr. Zychick lacked openness and frankness with the judge.

"2. Where an attorney is administrator of an estate and is acting likewise as attorney in such administration, in the absence of a full disclosure concerning an arrangement for compensation from a claimant against the estate and the consent of all interested parties, he impliedly represents that he has no such arrangement." **(In re Estate of Wright, 165 Oh St 15.)**

The orderly proceedings in the administration of estates and in the compromise of wrongful death claims incident thereto, require the utmost respect and candor from lawyers toward the judge, and a genuine endeavor to comply with the Court Rules.

If a lawyer shows an indifferent attitude regarding the Court Rules or shows that he does not consider the rule applies to him, or by circuitous conduct avoids the rule and by his silence conceals such conduct from the judge, he might be found guilty of contempt.

Much may be said for and against the wisdom of the Trial Court in the sentence it imposed. However, we are not concerned with that question. The Trial Court could only decide this case according to law, and the only question before the Court was whether Mr. Zychick had, as attorney for the executrix, prepared and filed in Court a report that was false, and that he well knew to be false, thereby misleading the Court and misrepresenting the true occurrences, and that his silent conduct constituted misbehavior of an officer of the Court in the performance of his official duties so as to obstruct the administration of justice. From the face of the record, the appellant is not in a position to complain that the judgment is against the evidence.

After a very careful examination of the record, we have reached

the conclusion that the judgment of the Court was correct. The result is that the judgment must be affirmed.

Judgment affirmed. Exceptions. Order see journal.

HUNSICKER, PJ, DOYLE, J, concur.